Charles M. FLAGG and Marion R. Flagg, Appellants,

v.

Joaquin RUIZ, Appellee.

No. 1895.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 15, 1957.

Decided Feb. 20, 1957.

---

**404**

Herman Miller, Washington, D. C., for appellants.

Ira M. Lowe, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellee filed suit for balance due on a contract for bricklaying work performed in enlarging a small hotel in the District of Columbia. Appellants filed an answer and counterclaim, alleging that the work was defective and incomplete and necessitated the expenditure of additional funds to repair and finish the job.

Trial without a jury resulted in judgment for appellee in the original suit for the full amount owing on the contract and for appellants for a part of their counterclaim, leaving a balance of some $500 in favor of appellee. In bringing this appeal appellants contend that the court erred in failing to award them the total sum which they assert was necessary to complete the work undertaken by appellee.

The record discloses that there was much conflicting testimony as to the work originally agreed upon; that actually done by appellee; whether the work done by appellants was in addition to, or a part of, the work initially contracted for by appellee; and whether appellee gave appellants his consent to take over any of the work. The trial judge apparently felt that appellee had substantially performed his part of the contract but that appellants had done some of his work, and accordingly awarded appellee judgment based on the original contract price less appellants' costs in completing the project.[1]

Appellants argue that they should have been permitted to recoup all their costs. The amount of allowable damages in this case is dependent on proof of the quantity of the original work agreed upon and that actually done by each of the parties. Evidence was introduced on all of these disputed issues, and it was for the trial judge to resolve the conflicts. Our examination of the record reveals no error justifying reversal.

Affirmed.

---

1. United States, for Use of Wadeford Electric Co. v. E. J. Biggs Const. Co., 7 Cir., 1940, 116 F.2d 768, 774; 3 Corbin on Contracts, § 709 (1951).